UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN ANGELO MARITAS,

                Plaintiff,          Civil Action No. 14-cv-10765
                                            Honorable Nancy G. Edmunds
v.                                         Magistrate Judge David R. Grand

INTERNATIONAL UNION, SECURITY
POLICE FIRE PROFESSIONALS (SPFPA),

                Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISMISS
## COMPLAINT WITHOUT PREJUDICE

Plaintiff Steven Angelo Maritas ("Maritas") and Defendant International Union, Security Police Fire Professionals ("SPFPA") are adversaries not only in this action, but also in three others in the Eastern District of Michigan: (1) Maritas has sued the SPFPA in Case No. 14-10483; (2) the SPFPA has sued Maritas (and two entities he allegedly created and/or controls) in Case No. 14-11484; and (3) the SPFPA has sued Maritas in Case No. 13-11734, which is presently before the Sixth Circuit Court of Appeals on the SPFPA's appeal.[1] [*See* No. 13-11734, dkt. 89].

The three cases that are presently active in the Eastern District of Michigan are all related. Indeed, Maritas, recognizing that he seeks the same relief in all three cases, previously moved to consolidate them. *See e.g.*, No. 14-10765, dkt. 9 ("Motion to Consolidate Case No. 14-10765 and Case No. 14-10483 which are the Same Complaint Into Case No. 14-11484"). On September 15, 2014, the Court held a telephonic conference call with Maritas and counsel to the

---

[1] Because Case No. 13-11734 is presently before the Sixth Circuit it will not be addressed further herein.

SPFPA to discuss these three cases. On the call, Maritas agreed to dismiss the two cases in which he was the plaintiff against the SPFPA (Case Nos. 14-10765 and 14-10483) without prejudice so that he could litigate any issues raised therein in the SPFPA's pending case against him and the entities he allegedly controls (Case No. 14-11484). [*See* Case No. 14-11484 dkt. 24 at 2]. He also agreed to withdraw the dispositive motions he had filed in Case No. 14-11484 and to "replace them with an answer to the SPFPA's complaint and/or a proper dispositive motion." *Id.* Maritas, who represents himself *pro se* in these matters, apparently attempted to accomplish these dismissals and withdrawals through filings he made in the respective cases shortly after the September 15, 2014 call, but his papers were not effective in those regards.

On October 22, 2014, the Court held another conference call (on the record) with the parties to discuss these matters, and Maritas again specifically agreed and requested: (1) that the complaints he filed in Case Nos. 14-10765 and 14-10483 be dismissed without prejudice; and (2) that the motion to dismiss [16], the motion for summary judgment [21] and the amended motion for summary judgment [22] that he had filed in Case No. 14-11484 be withdrawn, without prejudice. The SPFPA did not object to proceeding in this manner.[2]

Accordingly, the Court is entering separate Reports and Recommendations in each of these three cases to accomplish this agreed-upon approach. Thus, in the above-captioned action, pursuant to Fed. R. Civ. P. 41(a)(2), **IT IS RECOMMENDED** that Maritas' complaint **[1]** be **DISMISSED WITHOUT PREJUDICE**.

Dated: October 23, 2014  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

---

[2] Although it certainly would be simpler for the parties to enter a stipulated order regarding these matters, given Maritas' *pro se* status and failed attempt to accomplish these menial tasks, the Court finds it will be most efficient to proceed by way of this Report and Recommendation.

2

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file and on non-e-filers at their address on file with the Court.

                                                          s/Eddrey O. Butts
                                                          EDDREY O. BUTTS
                                                          Case Manager

Dated: October 23, 2014